**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**QUAMIRRIO EDWARDS** **PLAINTIFF**
**ADC #167913**

**V.** **NO. 4:26-cv-00706-LPR-ERE**

**RICK NASH, *et al.*** **DEFENDANTS**

# ORDER

Quamirrio Edwards, an Arkansas Division of Correction ("ADC") inmate, filed this 42 U.S.C. § 1983 case on behalf of himself, Joe A. Doss, Jr. and Ricky Ashley.[1] *Docs. 2, 6*. With his initial filing, Mr. Edwards filed an outdated *in forma pauperis* ("IFP") application. Mr. Edwards has now submitted a complete and updated IFP application. *Doc. 9*.

This Order grants Mr. Edwards' motion for leave to proceed IFP and postpones the screening[2] process to provide Mr. Edwards an opportunity to file an amended complaint.

---

[1] Pursuant to Court policy governing multi-plaintiff prisoner cases, the Court directed the Clerk's office to open three separate cases. See *Doss v. Nash, et. al.*, No. 4:26-cv-00707-LPR-ERE (Mr. Doss' case); *Doss v. Nash, et. al.*, No. 4:26-cv-00726-LPR-ERE (Mr. Ashley's case). The Court received the amended complaint adding Mr. Ashley as a party Plaintiff several days after receiving the original complaint.

[2] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the

## I. **In Forma Pauperis Application**

A review of the documents submitted by Mr. Edwards demonstrates that he qualifies to proceed IFP. Therefore, his motion to proceed IFP (*Doc. 9*) is GRANTED.

Based on Mr. Edwards' prison trust account information, the Court will assess an initial partial payment of $1.33. His custodians are instructed to immediately collect the initial partial filing fee. In addition, his custodians are instructed to collect the balance of the $350.00 filing fee by deducting monthly payments equal to 20% of the preceding month's income credited to Mr. Edwards' prison trust account each time the amount exceeds $10.00. The entire $350.00 filing fee must be paid, even if the lawsuit is dismissed before trial. Mr. Edwards' custodian should clearly identify the monthly payments by the name and number of this case.[3]

## II. **Pleading Deficiencies**

Based on the allegations contained in Mr. Edwards' complaints, it is unclear what claims relate to any alleged constitutional violations *suffered by Mr. Edwards*. Again, Mr. Edwards may not pursue claims on behalf of any person other than himself.

---

complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[3] *Edwards v. Nash, et al.,* E.D. Ark. No. 4:26-cv-00706-LPR-ERE.

First, several pages of the complaints relate to inadequate medical care and retaliation suffered by an unidentified individual in April 2026. *Doc. 2 at 4-6; Doc. 9 at 4-6*. Second, page seven of the amended complaint identifies potential plaintiffs as Joe A. Doss, Randy Crisel, Charles Livingston, Jessie James Stanford, and Mark Lewis, and is duplicative of a filing in another case filed in another federal district court.[4] *Doc. 6 at 7*. Third, pages seven through twenty-four of the original complaint and pages eleven through twenty-nine of the amended complaint relate solely to separate Plaintiff Ricky Ashley. *Doc. 2 at 7-2*4; *Doc. 6 at 11-29*. Finally, the complaints identify twenty-two federal judges as Defendants. However, Mr. Edwards fails to explain how any of those Defendants violated his constitutional rights.[5]

## III. <u>Guidelines for Filing Amended Complaint</u>

Mr. Edwards has thirty days to file an amended complaint explaining his constitutional claims and requesting specific relief from the Court. In his amended complaint Mr. Edwards must: (1) state how his personal constitutional rights were violated; (2) identify and name as a Defendant each individual who allegedly

[4] The case number listed is 1:25-cv-01367 – LJV. *Doc. 6 at 7*. The Eastern District of Arkansas does not have a division associated with the case number beginning in the number one. The Eastern District consists of the Central Division (4), Delta Division (2), and Northern Division (3). 28 U.S.C. § 28.

[5] "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007).

participated in that constitutional violation; (3) describe any injury he suffered as a result of each Defendant's alleged unconstitutional conduct; and (4) only include related claims.[6]

Mr. Edwards' amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc*., 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Edwards should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit. Also, Mr. Edwards should not rely upon, or incorporate by reference, any allegations made in the current complaints. In other words, Mr. Edwards' amended complaint, if filed, will stand alone.

Finally, in his amended complaint, Mr. Edwards need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this early stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

[6] Mr. Edwards may not pursue multiple claims that are factually and legally unrelated in a single lawsuit. See FED. R. CIV. P. 20(a)(2) (multiple defendants may be joined in one lawsuit only if the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences," and involve "any question of law or fact common to all defendants"). Instead, Mr. Edwards must choose which related claims he wishes to pursue in this case. He is free to pursue unrelated claims by filing one or more new lawsuits.

## IV. Conclusion

For the reasons explained above,

IT IS THEREFORE ORDERED THAT:

1. Mr. Edwards' motion for leave to proceed IFP (*Doc. 9*) is GRANTED.

2. The Clerk of the Court is directed to send a copy of this Order to the Arkansas Division of Correction Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; the Arkansas Division of Correction Compliance Division, P.O. Box 20550, Pine Bluff, Arkansas 71612; and the Warden of the East Arkansas Regional Unit, Post Office Box 970, Marianna, Arkansas 72360.

3. Mr. Edwards may file an amended complaint within thirty (30) days of the entry of this Order.

4. If Mr. Edwards fails to file an amended complaint, the Court will screen the current complaints, which is likely to result in the dismissal of Mr. Edwards's claims and this lawsuit.

5. The Clerk is instructed to provide Mr. Edwards a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

SO ORDERED 7 August 2026.

UNITED STATES MAGISTRATE JUDGE